No. 85.—THE COMMISSIONERS OF ROADS FOR 580TH DISTRICT, plaintiffs in error, *vs.* THE GRIFFIN & WEST POINT PLANK-ROAD Co. defendants in error.

[1.] An appeal must be entered by the appellant in person, or by his attorney at law, or by an attorney in fact, duly authorized by warrant for that purpose.

[2.] May an attorney at law, who appears on the first trial, enter an appeal without special authority? and is it his duty so to do? *Quere de hoc.*

[3.] Some general remarks upon the subject of plankroads.

Motion to dismiss appeal. Heard and decided by Judge STARK, August Term, 1850, in Pike Superior Court.

An appeal was taken to the Superior Court of Pike County, from an award made by commissioners appointed under the provision of the charter of the " Griffin & West Point Plankroad Company," in relation to said company taking and using the public road running from Griffin to the Flat Shoals, through said district, as a site for their plankroad. The appeal was entered by Hartford Green, Allen W. Pryor and W. W. Arnold, as attorneys at law.

At the hearing, August Term, 1850, of said Court, a motion was made to dismiss the appeal, upon the following, among other grounds: because the appeal was entered by certain per-

sons, styling themselves attorneys at law, and who had not been employed until after the cases had terminated by an agreement between the parties, and then only by the *Inferior Court.*

The Court sustained the motion, and dismissed the appeal; whereupon the counsel for plaintiff excepted.

W. W. ARNOLD, GREENE, PRIOR and BAILEY, for plaintiffs in error.

McCUNE, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The 8th section of the Act passed by the last Legislature, to construct a plankroad from Griffin, in Pike, to West Point, in Troup County, *provides,* "That whenever it shall become *necessary* for said Plankroad Company to use any part of a public highway, for the construction of said plankroad, the Commissioners of Roads of the Militia District in which such highway is situated, or a majority of them, may agree with said company, upon the compensation and damages to be paid by said company, for taking and using such highway, for the purposes aforesaid. Such agreement shall be in writing, and shall be filed and recorded in the office of the Clerk of the Superior Court of the County through which the highway may pass; and in case such agreement cannot be made, the compensation and damages for taking such highway for such purposes, shall be ascertained in the same manner as the compensation and damages for taking the property of individuals." *See Pamphlet Laws,* 1849, 1850, *p.* 229. That is, by three disinterested freeholders—one to be appointed by the Judge of the Superior Court, one by the Company, and one by the Commissioners of Roads for the District, (*see 6th section of the Act, Ib. p.* 228,) with the right of appeal to either party to be tried by a Special Jury, at the next term thereafter of the Superior Court of the County. *Ib.*

The Commissioners of Roads for the 580th Militia District and the Company, not being able to agree as to the amount of compensation to be paid for so much of the public road, as was

appropriated by the company for the construction of the plank-road through that district, an assessment was made by apprais-ers, in terms of the Statute. One of the three Road Commis-sioners ratified the award—the other two protested against it in writing; and this, so far as the record discloses, is all they did to signify their disapprobation.

[1.] An appeal was entered in the name of these two com-missioners, "by Green Prior and Arnold, attorneys at law," which, at the appearance term of the Superior Court, was, upon motion, dismissed for want of authority to enter it, and it is to reverse this judgment and reinstate this appeal, that this writ of error is prosecuted.

[2.] It is not necessary to determine whether an attorney of record in an action, in which a verdict has been rendered against his client, may prosecute an appeal of his own accord, and with-out special instructions, and whether it is his duty so to do. 2 *Just.* 378. *Cro. Eliz.* 177. 2 *Show.* 61. 1 *Salk.* 89. 2 *Ib.* 603. 2 *Lord Raym.* 895. *Ib.* 1048. *Bacon's Abv. volume* 1, *pp.* 406, 409. 2 *B. & P.* 357. 2 *D. & E.* 337. 8 *Johns. Rep.* 361. 2 *Bibb,* 382. 4 *Conn. Rep.* 517.

It appears that the counsel who entered the appeal, were not employed on the trial before the appraisers, and, consequently, were not what are usually denominated attorneys of record. The presiding Judge certifies, that there was not a particle of evidence exhibited to him, to show that the appeal was entered by the approval or consent of the Commissioners of Roads, or which manifested the least intention, on their part, to prosecute the litigation farther; and that when the power for entering the appeal was called for by him, upon the argument, the only au-thority produced was, an order passed by the *Inferior Court* of the County, who it is admitted, had no right to control the case in this respect.

The appeal, then, having been improperly entered, for want of competent authority, we affirm the judgment of the Court be-low in dismissing it.

Any general observations upon the subject of plankroads, might be considered as foreign to the case. As, however, this

is the first time where this important link in the great chain of internal improvements, which is doing so much for the civilization of the age, has been before the Court, I trust it will not be thought altogether inappropriate to add a word or two upon a thoroughfare which, began in Russia, was introduced into Canada by Lord Sydenham in 1834, and established in this Union, in New York in 1846, where, in five years, they have constructed over a thousand miles, which is now completed and in daily use, and where, by the side of railroads, they are paying from 10 to 15 per cent. interest, and carrying passengers at two cents a mile; and; perhaps, I could not do better than transcribe and indorse, so far as my humble opinion will go, a few paragraphs from one of the most valuable publications of the day, touching a movement which is rapidly becoming the great medium of communication between the *producer* and the *market:*

" In the list of the great improvements which have given to this age the character which it will bear in history, above all others—the age of happiness to the people—the plankroad will bear a prominent place, and it deserves it. It changes the condition of the farmer, wherever it is found. It gives a thoroughfare second only to the railway, and in this respect superior to it, that it may be used by all, without being subjected to the rules and regulations of others as to the time, speed or equipage in which they may choose to travel.

" It annihilates one of the sorest evils known to our rural life—an evil which has hitherto made a farm in some, in many parts of our country, an involuntary hermitage, secluded and attainable only by a weary pilgrimage over—no, not *over*, but *through* roads which seemed to have concentrated all the evils that could embarrass the traveller. A bad road is no longer known where there is a plankroad. The farmer is brought in the vicinity of the village and city, exempt its benefits and exempt from its inconveniences. The plankroad finds its way to the forests, first building itself from them, and then placing the wood treasure into active use. It allures the settler to redeem lands, hitherto set down as desperate real estate—*unreal* as to *income*, and *real* only as to *taxation.* It goes up into wild lands

and civilizes them.    It threads the environs of a city with pleasant drives.    It magnifies the means used by the farmer in taking his products to market.    *It is the road of the people,* open to all, and like the nation in whose energies it has grown into such favor, it is every year increasing its range, and extending its benefits."    *Hunt's Merchants' Magazine.*